Chen v. Garland

BIA
McCarthy, IJ
A205 034 120

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

QI YONG CHEN,
> *Petitioner,*

> v.                          20-2131

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Joshua Bardavid, New York, NY.

**FOR RESPONDENT:**       Brian Boynton, Acting Assistant Attorney General; Anthony C.

Payne, Assistant Director; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Yong Chen, a native and citizen of the People's Republic of China, seeks review of a June 2, 2020, decision of the BIA affirming a March 29, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Yong Chen,* No. A 205 034 120 (B.I.A. June 2, 2020), *aff'g* No. A 205 034 120 (Immig. Ct. N.Y. City Mar. 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to

2

the contrary"); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness" and on inconsistencies within and between an applicant's statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, we conclude that substantial evidence supports the agency's adverse credibility determination.

In his asylum application, Chen alleged that police twice raided the family church he attended in China, beating him and his grandmother in 2009, and arresting, detaining, and

torturing him for a week in 2010. At the hearing, however, he initially omitted any mention of the 2009 incident and answered affirmatively when asked if his 2010 arrest was the only incident of physical abuse. This represented a significant inconsistency between Chen's testimony and his application and one on which the agency reasonably relied. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Chen failed to adequately address this inconsistency when confronted about it, stating only that he was nervous and had trouble speaking. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Chen also offered inconsistent testimony on the date of his release from detention, expressing some ambiguity as to whether he was released on April 25, 2010 (the same day he was allegedly first detained) or May 2, 2010. While this inconsistency may be explained as a mere misstatement or having resulted from confusion, a reasonable fact-finder would not be compelled to view it as such and, accordingly,

4

the agency did not err in considering it as part of its broader credibility determination. *Id.*

The agency also reasonably relied on inconsistencies and the lack of corroboration regarding Chen's claimed practice of Christianity in the United States. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As the agency noted, although Chen submitted a certificate of baptism dated 2011 from the Brooklyn Christian Congregation, he testified that he began to attend church at the Church of Grace for Fujianese in 2012 and did not testify that he had attended any other church earlier while in the United States. Additionally, though he testified that he attended church once or twice a month, he submitted letters allegedly from fellow practitioners stating that Chen attended every week. The agency reasonably found these discrepancies to undermine Chen's credibility. Moreover, the agency was not required to credit the undated and unsigned letter from Chen's

5

grandmother. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (upholding BIA's decision to afford "very little evidentiary weight" to letter from applicant's spouse in China "because it was unsworn and because it was submitted by an interested witness").

The inconsistencies, which relate to both the alleged harm and Chen's practice of Christianity, as well as the lack of reliable corroboration, provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Accordingly, we need not address Chen's argument that the BIA erred in finding inconsistencies between his testimony and a medical record as well as a "certificate of detention," respectively. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) (holding that "we may . . . deem remand futile and deny the petition for review if . . . substantial evidence in the record relied on by the IJ, considered in the aggregate, supports the IJ's finding that petitioner lacked credibility" (quotation marks omitted)). The adverse credibility determination is dispositive of asylum, withholding of removal and CAT relief because all three forms

of relief were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 45%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

7